# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| NORMA STEINER, | ) | |
| | ) | |
| Plaintiff, | ) | JURY DEMAND |
| | ) | |
| v. | ) | No. 3:09-cv-0534 |
| | ) | |
| SOUTHWEST AIRLINES, INC., | ) | JUDGE HAYNES |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO MODIFY SCHEDULING DEADLINES

Comes Defendant, by and through counsel, pursuant to Fed. R. Civ. P. 6, and moves this Court to enter an order extending the current scheduling deadlines to allow Defendant's attorneys additional time to complete discovery, retain any experts, and file dispositive motions. In support of its motion, Defendant states as follows:

### I. PERTINENT FACTS

The law firm of Leitner, Williams, Dooley & Napolitan, PLLC was retained to represent Defendant Southwest Airlines, Inc. in this action. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 2). Mr. Mantooth is one of the attorneys responsible for handling this file. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 2).

On October 2, 2009, Defendant's attorneys mailed Plaintiff's attorney a set of interrogatories, a set of requests for production, and a medical records release authorization. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 3). Pursuant to the Federal Rules of Civil Procedure, responses to that written discovery were due on November 4, 2009. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 3).

On October 15, 2009, Mr. Mantooth called Plaintiff's attorney and had a conversation with him requesting that he provide Mr. Mantooth with dates when he and Plaintiff would be

available for Mr. Mantooth to take Plaintiff's deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 4). At Plaintiff's attorney's request, Mr. Mantooth followed that conversation up with an email to Plaintiff's attorney restating his request that he provide Mr. Mantooth with dates for Plaintiff's deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 4). When Plaintiff's attorney had not responded to Mr. Mantooth's request by November 2, 2009, Mr. Mantooth called Plaintiff's attorney on that date and again discussed with him the need to schedule Plaintiff's deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 4)

On November 12, 2009, Mr. Mantooth sent Plaintiff's attorney a letter asking him to provide Plaintiff's responses to written discovery along with a signed medical records release authorization no later than November 30, 2009. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 5). Mr. Mantooth also asked Plaintiff's attorney to contact him immediately if he did not plan meet that deadline so that Mr. Mantooth could contact Judge Haynes' office to schedule a discovery dispute conference. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 5).

Also in his letter of November 12, 2009, Mr. Mantooth reminded Plaintiff's attorney that Mr. Mantooth had requested dates for Plaintiff's depositions from him on a couple of occasions but had not yet heard back from him in that regard. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 6). Mr. Mantooth explained to Plaintiff's attorney that he should be ready to take Plaintiff's deposition approximately 30 days after Plaintiff's attorney provided Mr. Mantooth with Plaintiff's responses to written discovery along with the medical records release authorization. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 6). Further, Mr. Mantooth provided Plaintiff's attorney with several dates in early January 2010 on which to

schedule that deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 6).

On November 19, 2009, Plaintiff's attorney sent Mr. Mantooth an email regarding the scheduling of Plaintiff's deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 7). In that email, Plaintiff's attorney suggested scheduling Plaintiff's deposition sometime during the week of January 18. Further, Plaintiff's attorney indicated that he would be sending Plaintiff's responses to written discovery "soon." (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 7).

On November 24, 2009, Mr. Mantooth called Plaintiff's attorney to discuss the scheduling of Plaintiff's deposition and again asked him about the status of Plaintiff's responses to Defendant's written discovery. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 8). Mr. Mantooth suggested that they schedule Plaintiff's deposition for January 8, 2010, but emphasized that he would need to receive Plaintiff's responses to written discovery very soon in order to make that date work. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 8). Plaintiff's attorney said that he would check with Plaintiff regarding her availability on January 8 and get back to Mr. Mantooth. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 8).

When Mr. Mantooth had not heard back from Plaintiff's attorney by November 30, 2009, he called his office on that date and left a voicemail. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 9). Mr. Mantooth called Plaintiff's attorney again on December 1, 2009, at which time Plaintiff's attorney agreed to make Plaintiff available for her deposition on January 8, 2010. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 9). During that conversation, Plaintiff's attorney indicated that he expected to be able to mail

Plaintiff's responses to written discovery by the end of that week. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 9). In Mr. Mantooth's December 2, 2009, letter to Plaintiff's attorney confirming the scheduling of Plaintiff's deposition, Mr. Mantooth advised Plaintiff's attorney that he would need to receive Plaintiff's responses to written discovery by the end of that week to allow him sufficient time to gather pertinent medical records before the deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 9).

On December 20, 2009 (a Sunday), Plaintiff's attorney sent Mr. Mantooth an email attaching an unsigned copy of Plaintiff's unverified responses to interrogatories. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 10). The attachment did not include any exhibits, responses to requests for production, nor a signed medical records release authorization. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 10). Although the responses included the identity of healthcare providers in California who provided treatment to Plaintiff relevant to her alleged injuries in this case, this was the first notice Defendant's attorneys received regarding such information. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 10). Regardless, because it was clear that Defendant's attorneys would not be able to obtain records from Plaintiff's healthcare providers before Plaintiff's deposition scheduled for January 8, 2010, Mr. Mantooth sent Plaintiff's attorney a letter on December 21, 2009, via facsimile and regular mail advising him that Mr. Mantooth was cancelling Plaintiff's deposition. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 10).

Also in his letter of December 21, 2009, Mr. Mantooth explained to Plaintiff's attorney his understanding that Judge Haynes requires a face-to-face meeting between attorneys to discuss discovery disputes before the filing of a motion to compel. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 11). Therefore, Mr. Mantooth suggested several days when he

would be available to meet with Plaintiff's attorney to discuss the dispute. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 11).

On December 22, 2009, Plaintiff's attorney sent Mr. Mantooth an email referring to his December 21, 2009, letter. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 12). Plaintiff's attorney indicated that he was in Ohio on his Christmas vacation, would be back in town by December 28, 2009, but that he would "mostly be out of the office attending to finishing my CLE for the year." (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 12). Plaintiff's attorney further indicated that he was attempting to persuade Plaintiff to take a voluntary non-suit of her case. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 12).

To date, Mr. Mantooth has not received any communications from Plaintiff's attorney to discuss a resolution of this discovery dispute or indicating any dates when Plaintiff's attorney would be available to meet with Mr. Mantooth to discuss that dispute. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 13). Further, Defendants have not yet received a verification to Plaintiff's interrogatory responses, responses to request for production, or a signed medical records release authorization. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 13).

A jury trial has been scheduled in this case to begin on August 17, 2010. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 14). Pursuant to Case Management Order No. 1, all discovery must be completed by the close of business on February 26, 2010. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 14). If Defendant's attorneys are required to obtain Plaintiff's medical records via subpoena, it will take several weeks to complete this task. (Affidavit of D. Randall Mantooth in Support of Motion to Compel,

¶ 14). Therefore, it is unlikely that Defendant's attorneys can be prepared to take Plaintiff's deposition until sometime in early to mid February 2010. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 14). Scheduling Plaintiff's deposition at such a late date will make it very difficult, if not impossible, to complete discovery because of the likelihood that Plaintiff's deposition testimony will prompt the need for additional discovery. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 14).

Defendant's attorneys have made a good faith effort to complete discovery in a timely manner in order to meet the February 26, 2010, deadline. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 15). Mr. Mantooth now believes that it will not be possible to complete discovery by that date. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 15).

If Defendant's attorneys have to obtain medical records via subpoena, it will cause unnecessary expenses related to the preparation of those subpoenas and the cost of hiring someone in California to serve those subpoenas. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 16). If Plaintiff would provide Defendant's attorneys with a properly executed medical records release authorization, it would expedite their ability to gather those records and save on costs. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 16). Mr. Mantooth expressly agrees to provide Plaintiff's attorney with a copy of all documents obtained with the use of a medical records release authorization if Plaintiff will provide one to Mr. Mantooth. (Affidavit of D. Randall Mantooth in Support of Motion to Compel, ¶ 16).

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 6(b) allows a court to extend deadlines for good cause shown. As discussed below, Defendant respectfully submits that this Court should extend the

scheduling deadlines because of Plaintiff's delay/failure to respond to written discovery and failure to provide a properly executed medical records release authorization.

Case Management Order No. 1 (Document 13) provides in pertinent part that all discovery shall be completed by February 26, 2010, all dispositive motions shall be filed by April 16, 2010, and that the Defendants shall provide expert witness disclosure to Plaintiff by February 12, 2010. In order to meet these deadlines, Defendant's attorneys first need to obtain Plaintiff's complete responses to written discovery, obtain Plaintiff's medical records, and then take Plaintiff's deposition. Based on information derived from this discovery, Defendant's attorney could then decide whether to take depositions of Plaintiff's treating physicians and/or other persons to prepare for trial and, further, decide whether to retain any particular expert witnesses. Because of Plaintiff's delay in responding to interrogatories, failure to provide verified responses to interrogatories, failure to respond to requests for production, and failure to provide a signed medical records release authorization, Defendant's attorneys will not have sufficient time to take action necessary to allow them to conduct discovery and take other actions necessary to defend this case.

The affidavit of Defendant's attorney D. Randall Mantooth establishes that Defendant's attorneys have made consistent and reasonable efforts to obtain discovery from Plaintiff so that they could move forward with additional discovery and other actions necessary to defend this case. However, the facts establish that Plaintiff has not been cooperative in the discovery process. Despite reassurances by Plaintiff's attorney that he would be providing Plaintiff's responses to written discovery in early December, responses to the interrogatories did not come until December 20, 2009. Even then, the responses were not signed by Plaintiff or Plaintiff's attorney and did not include a signed medical records release authorization that would make it

possible for Defendant's attorneys to gather Plaintiff's medical and/or counseling records relevant to her claims in this case. Finally, Plaintiff has provided no responses to Defendant's requests for production despite the fact that such responses were due November 4, 2009.

The facts demonstrate that Defendant's attorneys made persistent efforts for six weeks to schedule Plaintiff's deposition before finally obtaining an agreement from Plaintiff's attorney to schedule that deposition for January 8, 2010. Plaintiff's unsigned responses to interrogatories which were received by Defendant's attorneys on December 20, 2009, identified Plaintiff's treating healthcare providers for the first time. However, Plaintiff has still not provided Defendant's attorneys with a medical records release authorization that would allow Defendant's attorneys to obtain records from those providers. Therefore, even if Defendant's attorneys had immediately begun the process of attempting to subpoena records from those healthcare providers upon the receipt of the contact information on December 20, it appeared very unlikely that those records could be obtained in time to prepare for Plaintiff's deposition on January 8, 2010. Therefore, Defendant's attorneys had no choice but to cancel Plaintiff's deposition until the issue of Plaintiff's failure to provide responses to written discovery and a medical records release authorization has been resolved.

As things currently stand, Defendant's attorneys will have to "scramble" to attempt to meet the applicable scheduling deadlines because of Plaintiff's delays and/or failures in responding to written discovery and requests for deposition dates. Even if Defendant's attorneys are able to obtain Plaintiff's medical records within the next few weeks through the subpoena process, they will not have time to review the records and identify medical experts before the applicable deadline of February 12, 2010.

## III. CONCLUSION

Based on the foregoing, Defendant moves this court to modify the scheduling deadlines in such a way to allow Defendant's attorneys sufficient time to complete discovery, identify expert witnesses, and file a dispositive motion. Defendant further submits that this Court should consider the extent of Plaintiff's compliance with written discovery requirements to determine the length of the extension of those deadlines.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

**Paul R. Leitner, Esq.**
TN BPRN 001682
801 Broad Street, Third Floor
Chattanooga, TN 37402
(423) 265-0214

s/ D. Randall Mantooth
**D. Randall Mantooth, Esq.**
BPRN 013875
Bank of America Plaza
414 Union Street, Suite 1900
Nashville, TN 37219-1782
615-255-7722

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December, 2009, a true and correct copy of the foregoing has been forwarded via electronic means via the Court's electronic filing system to:

Robert Timothy Hatton, Esq.
Attorney for Plaintiff
104 ½ Public Square
Lebanon, Tennessee 37087-2730

By: s/ D. Randall Mantooth
**D. Randall Mantooth**